
Name of Debtor  ed Millwork, Inc.

Case Number: 95-03443

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only.  Check appropriate box.

[ ] A copy of debtor's proposed plan dated   is attached.        [ ] Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one , attach additional sheet)

| Location Where Filed<br>NONE | Case Number | Date Filed |
|---|---|---|

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one , attach additional sheet)

| Name of Debtor<br>NONE | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

FILED
Western District of Washington
at Seattle

APR 27 1995

U.S. Bankruptcy Court

## REQUEST FOR RELIEF

Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X ___Kevin A. Bay___          4/24/95
Kevin A. Bay                    Date

### INDIVIDUAL/JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

X **Not Applicable**
Signature of Debtor

Date

X **Not Applicable**
Signature of Joint Debtor

Date

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

X ___B. Joan Clancy___
B. Joan Clancy

**B. Joan Clancy**
Print or Type Name of Authorized Individual

**President**
Title of Individual Authorized by Debtor to File this Petition

4/24/95
Date

If the debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, Exhibit "B" has been completed.

X **Not Applicable**
Signature of Debtor          Date

X **Not Applicable**
Signature of Joint Debtor          Date

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer

Social Security Number

Address
(   )   -
Telephone

### EXHIBIT "B"

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

X **Not Applicable**
Signature of Attorney          Date

Name and Social Security number of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

# ORIGINAL

Form 6C

In re  United Millwork, Inc.                ,    Case No.  95-03443
            Debtor                                              (If known)

NOT APPLICABLE
**SCHEDULE C - PROPERTY CLAIMED AS EXEMPT**

Debtor elects the exemption to which debtor is entitled under

☐  11 U.S.C. § 522(b) (1)   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐  11 U.S.C. § 522(b) (2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| ☐ Homestead | 11 USC 522(d)(1) | | |
| ☐ Interest in motor vehicle. | 11 USC 522(d)(2) | | |
| ☐ Interest not to exceed $200.00 per item in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments held primarily for personal, family or household use. | 11 USC 522(d)(3) | | |
| ☐ Interest in jewelry held for personal, family or household use. | 11 USC 522(d)(4) | | |
| ☐ Interest in any other property. | 11 USC 522(d)(5) | | |
| ☐ Amount allowed by 11 USC 522 (d)(1) not used for burial plot or homestead. | 11 USC 522(d)(5) | | |
| ☐ Interest in implements, professional books or tools of the trade. | 11 USC 522(d)(6) | | |

**ORIGINAL**

Form 6I

In re __United Millwork, Inc._____ ,      Case No. ___95-03443_____
            Debtor                                    (If known)

<u>NOT APPLICABLE</u>
**SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)**

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated **and** a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation Name of Employer | | |
| How long employed | | |
| Address of Employer | | |
| | | |

Income: *(estimate of average monthly income)*                          DEBTOR          SPOUSE
Current monthly gross wages, salary, and commissions
    *(pro rate if not paid monthly)*                              $_____      $_____
Estimated monthly overtime                                            $_____      $_____

**SUBTOTAL**                                                          $_____      $_____

LESS PAYROLL DEDUCTIONS
A. Payroll taxes and social security                                  $_____      $_____
B. Insurance                                                          $_____      $_____
C. Union dues                                                         $_____      $_____
D. Other *(specify _____)*                      $_____      $_____

**SUBTOTAL OF PAYROLL DEDUCTIONS**                                    $_____      $_____

**TOTAL NET MONTHLY TAKE HOME PAY**                                   $_____      $_____

A. Regular income from operation of business or profession or farm    $_____      $_____
    *(attach detailed statement)*
B Income from real property                                           $_____      $_____
C. Interest and dividends                                             $_____      $_____
D. Alimony, maintenance or support payments payable to the
    debtor for the debtor's use or that of dependents listed above.  $_____      $_____
E. Social Security or other government assistance
    *(specify _____)*                      $_____      $_____
F. Pension or retirement income                                       $_____      $_____
G. Other monthly income
    *(specify _____)*                      $_____      $_____

**TOTAL MONTHLY INCOME**                                              $_____      $_____

                                                    *(Report also on Summary of Schedules)*

**TOTAL COMBINED  MONTHLY INCOME $_____**
Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

MATERIAL MAY NOT BE REPRODUCED IN WHOLE OR IN PART IN ANY FORM WHATSOEVER.

ORIGINAL

Form 6J

NOT APPLICABLE

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

A. Rent or home mortgage payment *(include lot rented for mobile home)*     $_____
    Are real estate taxes included?     ☐ Yes     ☐ No
    Is property insurance included?     ☐ Yes     ☐ No
B. Utilities:
    Electricity and heating fuel     $_____
    Water and sewer     $_____
    Telephone     $_____
    Other _____     $_____
C. Home Maintenance *(repairs and upkeep)*     $_____
D. Food     $_____
E. Clothing     $_____
F. Laundry and dry cleaning     $_____
G. Medical and dental expenses     $_____
H. Transportation *(not including car payments)*     $_____
I. Recreation, clubs and entertainment, newspapers, magazines, etc.     $_____
J. Charitable contributions     $_____
K. Insurance: *(not deducted from wages or included in home mortgage payments)*
    Homeowner's or renter's     $_____
    Life     $_____
    Health     $_____
    Auto     $_____
    Other _____     $_____
L. Taxes: *(not deducted from wages or included in home mortgage payments)*     $_____
    *(specify _____ )*     $_____
M. Installment payments: *(In chapter 12 and 13 cases, do not list*
                 *payments to be included in the plan.)*
    Auto     $_____
    Other _____     $_____
    Other _____     $_____
N. Alimony, maintenance, and support paid to others     $_____
O. Payments for support of additional dependents not living at your home     $_____
P. Regular expenses from operation of business, profession, or farm     $_____
    *(attach detailed statement)*
Q. Other _____     $_____

**TOTAL MONTHLY EXPENSES**     $_____

*(Report also on*
*Summary of Schedules)*

*(FOR CHAPTER 12 DEBTORS ONLY)*
    Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.
A. Total projected monthly income     $_____
B. Total projected monthly expenses     $_____
C. Excess income *(A minus B)*     $_____
D. Total amount to be paid into plan each _____     $_____
                      *(interval)*

ORIGINAL

# R Y A N   S W A N S O N   &   C L E V E L A N D

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Facsimile (206) 621-7568
(206) 464-4224

Sherrie G. Gordon
Legal Assistant
Direct Line: (206) 654-2235

REPLY TO OUR FILE NO.
07139/0005

April 27, 1995

*File w/ the Clerk*

**HAND DELIVERED**

U.S. Bankruptcy Court Clerk
315 Park Place Building
1200 Sixth Avenue
Seattle, WA  98101

    Re:  <u>United Millwork, Inc., Bankruptcy No. 95-03443</u>

Dear Sir or Madam:

    Pursuant to the Notice of Deficiency dated April 26, 1995 (Deficiency Notice), enclosed are the originals and four (4) copies of Schedule C-Property Claimed as Exempt and Schedule I-Current Income of Individual Debtor(s).

    We did not include Schedule J-Current Expenditures of Individual Debtors in our initial April 24, 1995 filing. Even though Schedule J was not included in the Deficiency Notice, we enclose the original and four (4) copies of Schedule J.

    Also enclosed are the original and four (4) copies of the fully executed signature page to the Voluntary Petition.

    If you have any questions, please call.

                  Very truly yours,

                  Sherrie G. Gordon
                  Legal Assistant

SGG/cdh
Enclosures
cc:  B. Joan Clancy

0053891.01
April 27, 1995

# United States Bankruptcy Court
## Western District of Washington
### at Seattle

# VOLUNTARY PETITION



| | |
|---|---|
| IN RE: (Name of debtor - if individual, enter: Last, First, Middle)<br>**United Millwork, Inc.** | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle) |
| ALL OTHER NAMES used by debtor in the last 6 years (include married, maiden, and trade names) | ALL OTHER NAMES used by joint debtor in the last 6 years (inc. married, maiden, and trade names) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>**94-2750264** | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)<br>**16409 NE 50th Street**<br>**Redmond, WA  98052** | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code) |
| COUNTY OF RESIDENCE/BUSINESS: **King** | COUNTY OF RESIDENCE/BUSINESS: |
| MAILING ADDRESS OF DEBTOR (If different from street address)<br>**(same)** | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |

| | |
|---|---|
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses above) | **VENUE** (Check one box)<br>[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District.<br>[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |

**INFORMATION REGARDING DEBTOR** (Check applicable boxes)

TYPE OF DEBTOR (Check one box)
- [ ] Individual
- [ ] Joint (Husband & Wife)
- [ ] Partnership
- [ ] Other _____
- [ ] Corporation Publicly Held
- [X] Corporation Not Publicly Held
- [ ] Municipality

NATURE OF DEBT (Check one box)
- [ ] Non-Business/Consumer
- [X] Business - Complete A&B below

A. TYPE OF BUSINESS (Check one box)
- [ ] Farming
- [ ] Professional
- [X] Retail/Wholesale
- [ ] Railroad
- [ ] Transportation
- [ ] Manufacturing/ Mining
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Construction
- [ ] Real Estate
- [ ] Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS
**Millwork Manufacturer**

CHAPTER OR SECTION OF BANKRUPTCY CODE FOR PETITION
- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Sec. 304

SMALL BUSINESS (Chapter 11 only)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101.
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (opt'l)

FILING FEE (Check one box)
- [X] Filing fee attached
- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b): see Official Form No. 3

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
**RYAN SWANSON & CLEVELAND**
**1201 THIRD AVENUE**
**SUITE 3400**
**SEATTLE, WA 98101-3034**
Telephone No.  **(206)464-4224**

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
**Kevin A. Bay 19821**
**Richard J. Hyatt 14048**

[ ] Debtor is not represented by an attorney. Telephone No. of Debtor not represented by an attorney:

| | |
|---|---|
| **STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)**<br>(Estimates only) (Check applicable check boxes) | THIS SPACE FOR COURT USE ONLY |

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED ASSETS (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100,000-over |
|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED LIABILITIES (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,000 | 100,000-over |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-499 | 500-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

# 95-03443

**ORIGINAL**

FORM 1. VOLUNTARY PETITION - Page 2           Name of Debtor: ed Millwork, Inc.

Case Number: _____

| FILING OF PLAN |
|---|
| For Chapter 9, 11, 12 and 13 cases only.  Check appropriate box.<br><br>[ ] A copy of debtor's proposed plan dated  is attached.          [ ] Debtor intends to file a plan within the time allowed by statute, rule, or order of the court. |

| PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (if more than one , attach additional sheet) |||
|---|---|---|
| Location Where Filed<br>**NONE** | Case Number | Date Filed |

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (if more than one , attach additional sheet) |||
|---|---|---|
| Name of Debtor<br>**NONE** | Case Number | Date |
| Relationship | District | Judge |

| REQUEST FOR RELIEF |
|---|
| Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |

## SIGNATURES

**ATTORNEY**

X _Kevin A. Bay_          Date _4/24/95_

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor. |
| X **Not Applicable**<br>Signature of Debtor | X  _see attached exhibit A_<br>B. Joan Clancy |
| <br>Date | **B. Joan Clancy**<br>Print or Type Name of Authorized Individual |
| X **Not Applicable**<br>Signature of Joint Debtor | **President**<br>Title of Individual Authorized by Debtor to File this Petition |
| <br>Date | <br>Date<br>If the debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition. |

| TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322) | CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110) |
|---|---|
| I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.<br><br>If I am represented by an attorney, Exhibit "B" has been completed. | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document. |
| | Printed or Typed Name of Bankruptcy Petition Preparer |
| X **Not Applicable**<br>Signature of Debtor          Date | Social Security Number |
| X **Not Applicable**<br>Signature of Joint Debtor          Date | Address<br>( )   -<br>Telephone |

| EXHIBIT "B" | Name and Social Security number of all other individuals who prepared or assisted in preparing this document: |
|---|---|
| (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.) | If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person. |
| I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter. | X **Not Applicable**<br>Signature of Bankruptcy Petition Preparer |
| X **Not Applicable**<br>Signature of Attorney          Date | A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156. |

## CONSENT IN LIEU OF SPECIAL
## MEETING OF BOARD OF DIRECTORS
## OF
## UNITED MILLWORK, INC.

The undersigned, B. Joan Clancy, being a Director of United Millwork, Inc., a Washington corporation (the "Corporation"), hereby waives all notices statutory and otherwise and authorizes, consents to and adopts the following resolutions in lieu of a special meeting of the Board of Directors, as authorized by law, and the same shall be fully effective and valid as the action of the Board of Directors as though a meeting had, in fact, been held:

RESOLVED that the Corporation shall seek relief under the United States bankruptcy laws and file a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington at Seattle; and be it further

RESOLVED that the Corporation authorizes B. Joan Clancy to execute on its behalf any and all documents necessary to effectuate or related to the commencement and continuation of a Chapter 7 bankruptcy case; and be it further

RESOLVED that the Corporation is authorized to retain and employ the law firm of Ryan, Swanson & Cleveland to provide legal counsel in connection with all aspects of the Corporation's Chapter 7 case.

DATED this 24 day of April, 1995.

B. Joan Clancy



# UNITED STATES BANKRUPTCY COURT

## Western District of Washington
### at Seattle

In re: United Millwork, Inc.
94-2750264

Case No. _____
Chapter 7

# SUMMARY OF SCHEDULES

|  |  |  | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
| A – Real Property | YES | 1 | 0.00 | ■■■ | ■■■ |
| B – Personal Property | YES | 2 | 14,546.23 | ■■■ | ■■■ |
| C – Property Claimed As Exempt | NO | 0 | ■■■ | ■■■ | ■■■ |
| D – Creditors Holding Secured Claims | YES | 1 | ■■■ | 0.00 | ■■■ |
| E – Creditors Holding Unsecured Priority Claims | YES | 1 | ■■■ | 0.00 | ■■■ |
| F – Creditors Holding Unsecured Nonpriority Claims | YES | 11 | ■■■ | 574,997.40 | ■■■ |
| G – Executory Contracts and Unexpired Leases | YES | 1 | ■■■ | ■■■ | ■■■ |
| H – Codebtors | YES | 1 | ■■■ | ■■■ | ■■■ |
| I – Current Income of Individual Debtor(s) | NO | 0 | ■■■ | ■■■ | 0.00 |
| J – Current Expenditures of Individual Debtor(s) | NO | 0 | ■■■ | ■■■ | 0.00 |
| Total Number of sheets in ALL Schedules » | | 18 | ■■■ | ■■■ | ■■■ |
| Total Assets » | | | 14,546.23 | ■■■ | ■■■ |
| Total Liabilities » | | | | 574,997.40 | |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | 0.00 |

TOTAL » 0.00

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | NONE | | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | NONE | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | NONE | | 0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | NONE | | 0.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | Main Street Ventures (Construction Lien) | | 9,507.66 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | $32,000 judgment against P.N.W. Investment, Inc. and Ken Hyashi (judgment appears to be uncollectible) | | 0.00 |
| | Default judgment against GMC Construction, Inc. (motion to vacate pending) | | 5,038.57 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | NONE | | 0.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL » 14,546.23

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO.                         NO | | | | | | |
| NONE | | | | | 0.00 | 0.00 |
| | | | VALUE $        0.00 | | | |

|  | |
|---|---|
| Subtotal» (Total of this page) | 0.00 |
| TOTAL » | 0.00 |


# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority

## [ ] Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

## [ ] Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives, up to a maximum of $4000* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

## [ ] Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

## [ ] Certain farmers and fishermen

Claims of certain farmers and fishermen, up to a maximum of $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

## [ ] Deposits by individuals

Claims of individuals up to a maximum of $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

## [ ] Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

## [ ] Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

## [ ] Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

## [ ] Other Priority Debts

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>ACI Glass Products<br>3225 S 116th St  Suite 133<br>Seattle, WA  98168 | NO | | 8/20/93<br><br>Trade Debt | | 555.70 |
| ACCOUNT NO.<br>American Lock & Supply<br>Department 61443<br>El Monte, CA  91735 | NO | | 11-12-93<br><br>Trade Debt | | 1,956.78 |
| ACCOUNT NO.<br>Arthur Cox & Sons, Inc.<br>18311 East Railroad Street<br>City of Industry, CA  91748 | NO | | 10/29/93<br><br>Trade Debt | | 698.82 |
| ACCOUNT NO.<br>B. Joan Clancy<br>16409 NE 50th Street<br>Redmond, WA  98052 | NO | | 1992 to present<br><br>Loans, rent, guarantees and advances | | 300,897.66 |
| ACCOUNT NO.<br>Berg Wholesale<br>P.O. Box 29169<br>Portland, OR  97229 | NO | | 11/15/93<br><br>Trade Debt | | 239.19 |
| ACCOUNT NO.<br>Bommer Industries, Inc.<br>Box 187<br>Landrum, SC  29356-0187 | NO | | 11/8/93<br><br>Trade Debt | | 148.38 |
| ACCOUNT NO.<br>Brady International Hardwoods<br>P.O. Box 900<br>Renton, WA  98057 | NO | | Trade Debt | | 3,282.92 |

Subtotal »
(Total of this page) | 307,779.45

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>Builders Hardware & Supply<br>Box C-79005<br>Seattle, WA  98119-3185 | NO | | 12/29/93<br><br>Trade Debt | | 605.45 |
| ACCOUNT NO.<br>C. Blackstock Lumber Co.<br>P.O. Box 9405<br>Seattle, WA  98109 | NO | | 7/22/93<br><br>Trade Debt | | 391.49 |
| ACCOUNT NO.<br>CA Co.<br>P.O. Box 1171<br>Lewiston, ID  83501 | NO | | 11/3/93<br><br>Trade Debt | | 4,156.73 |
| ACCOUNT NO.<br>CAL Royal Products<br>Hardware Division<br>2110 Tubeway Avenue<br>Commerce, CA  90040 | NO | | 11/4/93<br><br>Trade Debt | | 311.40 |
| ACCOUNT NO.<br>CNA Insurance Companies<br>Devin E. Ross<br>P.O. box 240111<br>Seattle, WA  98124-9611 | NO | | 10/20/93<br><br>Trade Debt/Insurance | | 1,780.43 |
| ACCOUNT NO.<br>Comprehensive Prefin, Inc.<br>11844 NE 112th St<br>Kirkland, WA  98033 | NO | | <br>Trade Debt | | 5,255.88 |
| ACCOUNT NO.<br>Compton Lumber Hardware, Inc.<br>P.O. Box 84972<br>Seattle, WA  98124-6272 | NO | | 11/26/93<br><br>Trade Debt | | 323.46 |

Subtotal »
(Total of this page) — 12,824.84

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>Contact Lumber<br>P.O. Box 500399<br>St Louis, MO 63150-0399 | NO | | Trade Debt | | 18,801.94 |
| ACCOUNT NO.<br>D.W. Briggs<br>P.O. Box 338<br>Puyallup, WA 98371 | NO | | 10/30/93<br>Trade Debt | | 3,164.56 |
| ACCOUNT NO.<br>Disdero Lumber<br>P.O. Box 42247<br>Portland, OR 97242 | NO | | 7/21/93<br>Trade Debt | | 1,185.25 |
| ACCOUNT NO.<br>Emerald Tool<br>c/o Examiner Group<br>P.O. Box 575<br>Kirkland, WA 98083 | NO | | 7/21/93<br>Trade debt | | 675.71 |
| ACCOUNT NO.<br>Familian NW - Woodinville<br>c/o Familian NW, Inc.<br>P.O. Box 14188<br>Portland, OR 97214 | NO | | 12/29/93<br>Trade Debt | | 971.53 |
| ACCOUNT NO.<br>Flex Trim Mouldings<br>P.O. Box 4227<br>Rancho Cucamonga, CA 91730 | NO | | 7/20/93<br>Trade Debt | | 335.54 |
| ACCOUNT NO.<br>Focal Point, Inc<br>P.O. Box 93327<br>Atlanta, GA 30377-0327 | NO | | 8/16/93<br>Trade debt | | 1,839.65 |

Subtotal »
(Total of this page)

26,974.18

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. **NO**<br>Gascoigne Lumber Company<br>P.O. Box 9756<br>Seattle, WA 98109 | | | Trade Debt | | 62,423.29 |
| ACCOUNT NO. **NO**<br>General Building Supply<br>4439 S 134th Place<br>Tukwila, WA 98168 | | | Trade Debt | | 3,337.69 |
| ACCOUNT NO. **NO**<br>Hager Hinge Co.<br>P.O. 503057<br>St. Louis, MO 63150-3057 | | | 12/29/93<br>Trade Debt | | 1,339.42 |
| ACCOUNT NO. **NO**<br>Henry Bacon<br>P.O. Box 24564<br>Seattle, WA 98124-0564 | | | 8/27/93<br>Trade debt | | 488.16 |
| ACCOUNT NO. **NO**<br>Honolulu Freight Service<br>P.O. Box 21156<br>Market Station<br>Los Angeles, CA 90021 | | | 8/11/93<br>Trade Debt | | 927.33 |
| ACCOUNT NO. **NO**<br>Indiana Lumbermens Mutual Ins.<br>P.O. Box 68600<br>Indianapolis, IN 46268 | | | 2/28/94<br>Trade Debt | | 1,441.80 |
| ACCOUNT NO. **NO**<br>Indstrial Skills<br>P.O. Box 619<br>Enumclaw, WA 98022 | | | 1/7/94<br>Trade debt | | 685.78 |

Subtotal »
(Total of this page)

70,643.47

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>Interior Construction Spec.<br>P.O. Box 5476<br>Lynnwood, WA 98036 | NO | | 9/3/93<br><br>Trade Debt | | 658.75 |
| ACCOUNT NO.<br>James Hardie Building Prof.<br>Dept 7151<br>Los Angeles, CA 90088 | NO | | 7/28/93<br><br>Trade Debt | | 2,127.77 |
| ACCOUNT NO.<br>Jennings Manufacturing Co.<br>930 N 127th<br>Seattle, WA 98133 | NO | | 7/28/93<br><br>Trade Debt | | 706.64 |
| ACCOUNT NO.<br>Jessup Door Company<br>P.O. Box 5547<br>Indianapolis, IN 46255-5547 | NO | | Trade Debt | | 8,297.55 |
| ACCOUNT NO.<br>Jim Little Staple Supply<br>1075 Andover Park East<br>Tukwila, WA 98188 | NO | | 11/3/93<br><br>Trade Debt | | 1,045.01 |
| ACCOUNT NO.<br>Ken's Door Supply<br>9622 - 153rd Avenue NE<br>Redmond, WA 98052-2546 | NO | | 7/1/93<br><br>Trade Debt | | 2,463.78 |
| ACCOUNT NO.<br>Knes Building Materials Co.<br>Western Collection Bureau<br>5512 NE 109th Ct. #3<br>Vancouver, WA 98662 | NO | | 6/2/93<br><br>Trade Debt | | 675.22 |

Subtotal »
(Total of this page)

15,974.72

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Lawrence Northwest, Inc.<br>L.J. Cappa & Associates, Inc.<br>3627 SE 22nd Avenue<br>Portland, OR 97202 | NO | | 11/24/93<br><br>Trade Debt | | 41.33 |
| ACCOUNT NO.<br><br>Lianga Pacific Industries<br>P.O. Box 1355<br>Tacoma, WA 98401-1355 | NO | | 10/4/93<br><br>Trade Debt | | 5,022.78 |
| ACCOUNT NO.<br><br>Longview Fibre Company<br>P.O. Box 3968<br>Seattle, WA 98124 | NO | | 7/8/93<br><br>Trade Debt | | 839.34 |
| ACCOUNT NO.<br><br>Lumber Products<br>P.O. Box 4800-29<br>Portland, OR 97208 | NO | | Trade Debt | | 18,797.63 |
| ACCOUNT NO.<br><br>Lumber Supply<br>P.O. Box 80504<br>Seattle, WA 98108 | NO | | 11/30/93<br><br>Trade Debt | | 6,011.78 |
| ACCOUNT NO.<br><br>Lumbermens of Redmond<br>P.O. Box 2139<br>Redmond, WA 98073 | NO | | 9/24/93<br><br>Trade Debt | | 343.68 |
| ACCOUNT NO.<br><br>Lynden Air Freight<br>P.O. Box 84167<br>Seattle, WA 98124 | NO | | 9/24/93<br><br>Trade Debt | | 317.22 |

Subtotal »
(Total of this page)

31,373.76

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. **NO**<br>**Marvin Window of Washington**<br>P.O. Box 831<br>Kent, WA  98035 | | | 9/24/93<br><br>Trade Debt | | 38.63 |
| ACCOUNT NO. **NO**<br>**Matson Navigation Company**<br>P.O. Box 44038<br>San Francisco, CA  94144-4038 | | | Trade Debt | | 6,834.20 |
| ACCOUNT NO. **NO**<br>**McFarland Cascade**<br>P.O. Box 1496<br>Tacoma, WA  98401-1496 | | | 7/14/93<br><br>Trade Debt | | 332.96 |
| ACCOUNT NO. **NO**<br>**Medford Moulding Co.**<br>P.O. Box 2562<br>White City, OR  97509 | | | Trade Debt | | 16,990.57 |
| ACCOUNT NO. **NO**<br>**Metal Sales Mfg. Corp.**<br>P.O. Box 1008<br>Kent, WA  98035-1008 | | | Trade Debt | | 5,517.67 |
| ACCOUNT NO. **NO**<br>**Modern Supply**<br>P.O. Box 34827<br>Seattle, WA  98124-1827 | | | Trade debt | | 7,084.61 |
| ACCOUNT NO. **NO**<br>**National Glass Industries**<br>17030 Woodinville-Redmond Rd<br>Woodinville, WA  98072 | | | 9/15/93<br><br>Trade Debt | | 61.93 |

Subtotal »<br>(Total of this page)  **36,860.57**

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>Nutone Location 00108<br>Location 00108<br>Cincinnati, OH  45264-0108 | NO | | 8/19/93<br><br>Trade Debt | | 587.68 |
| ACCOUNT NO.<br>OrePac Building Products<br>9213 - 51st SW<br>Tacoma, WA  98499 | NO | | 9/9/93<br><br>Trade Debt | | 674.76 |
| ACCOUNT NO.<br>PDQ Industries<br>2754 Creek Hill Rd.<br>Leola, PA  17540 | NO | | 8/31/93<br><br>Trade Debt | | 967.95 |
| ACCOUNT NO.<br>Parr Lumber<br>P.O. Box 5489<br>Aloha, OR  97006-5489 | NO | | 7/25/93<br><br>Trade Debt | | 6,200.15 |
| ACCOUNT NO.<br>Philadelphia Hardware<br>9060 Activity Road  Suite C<br>San Diego, CA  92126 | NO | | 8/31/93<br><br>Trade Debt | | 913.96 |
| ACCOUNT NO.<br>Pilot Air Freight<br>P.O. Bx 97  Route 352<br>Lima, PA  19037 | NO | | 8/31/93<br><br>Trade Debt | | 62.44 |
| ACCOUNT NO.<br>Plywood Tacoma, Inc.<br>P.O. Box 1576<br>Tacoma, WA  98401 | NO | | Trade Debt | | 9,395.33 |

Subtotal »
(Total of this page)

18,802.27

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. **NO** Premdor Corp. Dun & Bradstreet P.O. Box 3100 Naperville, IL 60566 | | | Trade Debt | | 6,027.43 |
| ACCOUNT NO. **NO** Sammamish Woodworks 2450 W Lake Sammamish Rd. NE Redmond, WA 98052 | | | 8/31/93 Trade Debt | | 454.00 |
| ACCOUNT NO. **NO** Solar Group P.O. Box 525 Taylorsville, MS 39168 | | | 11/17/93 Trade Debt | | 85.86 |
| ACCOUNT NO. **NO** Starrow Enterprises 3102 "B" Street NW Auburn, WA 98001 | | | 9/13/93 Trade Debt | | 1,358.16 |
| ACCOUNT NO. **NO** Summit Woodworking 13663 S Holcomb Blvd Oregon City, OR 97045 | | | Trade debt | | 5,336.43 |
| ACCOUNT NO. **NO** Taymor Industries, Ltd. P.O. Box 56148 Hayward, CA 94545-6148 | | | 11/10/93 Trade Debt | | 1,335.26 |
| ACCOUNT NO. **NO** Tri Pac Cabinets P.O. Box 1390 Lodi, CA 95840 | | | Trade Debt | | 10,376.96 |

Subtotal »
(Total of this page)

24,974.10

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Triad Door & Millwork**<br>P.O. Box 24394<br>Kirkland, WA 98083-2394 | NO | | 10/8/93<br><br>Trade Debt | | 4,614.11 |
| ACCOUNT NO.<br>**Trus Joist MacMillan**<br>P.O. Box 60<br>Boise, ID 93707 | NO | | <br>Trade Debt | | 2,802.75 |
| ACCOUNT NO.<br>**Van Waters & Rogers**<br>c/o WCI<br>P.O. Box 97029<br>Redmond, WA 98073<br>ATTN: Dave Clark #886617 | NO | | 12/2/93<br><br>Trade Debt | | 654.49 |
| ACCOUNT NO.<br>**Velux-America Inc.**<br>P.O. Box 58273<br>Dallas, TX 78285-5175 | NO | | 8/18/93<br><br>Trade Debt | | 317.23 |
| ACCOUNT NO.<br>**Vernon**<br>c/o Kohner, Mann & Kailas, SC<br>#91010939345<br>1572 E Capitol Drive<br>Milwaukee, WI 53211 | NO | | 1/27/94<br><br>Trade Debt | UNLIQUIDATED | 575.55 |
| ACCOUNT NO.<br>**Visador Company**<br>P.O. Box 845175<br>Dallas, TX 78285-5175 | NO | | 1/10/94<br><br>Trade Debt | | 1,036.75 |
| ACCOUNT NO.<br>**Warnock Hersey**<br>530 Garcia Avenue<br>Pittsburg, CA 94565 | NO | | 9/2/93<br><br>Trade Debt | | 184.73 |

Subtotal »
(Total of this page)

10,185.61

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.<br>Washington Hardwoods<br>3257 - 17th Avenue W<br>Seattle, WA  98119 | NO | | Trade Debt | | 8,866.23 |
| ACCOUNT NO.<br>Weiser Lock<br>File #53497<br>Los Angeles, CA  90074 | NO | | 1/20/94<br>Trade Debt | | 4,168.34 |
| ACCOUNT NO.<br>West Coast Saws<br>P.O. Box 111118<br>Tacoma, WA  98411-1118 | NO | | 9/2/93<br>Trade Debt | | 391.55 |
| ACCOUNT NO.<br>Weyerhaeuser Co.<br>7401 S 228th<br>Kent, WA  98032 | NO | | Trade debt | | 5,178.31 |
| | | | Subtotal »<br>(Total of this page) | | 18,604.43 |
| | | | TOTAL » | | 574,997.40 |

In re: United Millwork, Inc.
94-2750264

Case No. _____

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

In re: United Millwork, Inc.
   94-2750264

Case No. _____

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **NONE** | |

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

**(NOT APPLICABLE)**

--------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation / partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   18 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date __4/24/95__

Signature _____
B. Joan Clancy
President

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.



# UNITED STATES BANKRUPTCY COURT
## Western District of Washington
## at Seattle

In re: United Millwork, Inc.
94-2750264

Case No. _____
Chapter 7

# FORM 7. STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 57,450.00 | Business Income | 1993 |
| 6,705.80 | Business Income | 1994 |
| 0.00 | Business Income | 1995 |

## 2. Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)



## 4. Suits and administrative proceedings, executions, garnishments and attachments

**None [ ]**    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Sears, Roebuck & Co. v. United Millwork 93-2-27294-4 | Collection of monies owed | King County Superior Court | Judgment paid |
| United Millwork v. GMC Construction 943494 | Collection of monies owed | King County District Court (Renton) | Mo. to vacate default judgment pending |
| United Millwork v. PNW Investment and Ken Hyashi 94-2-24410-8 | Collection of monies owed | King County Superior Court | Obtained judgment--appears uncollectible |

**None [X]**    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

**None [X]**    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

**None [X]**    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**None [X]**    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

**None [X]**    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]

    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ryan, Swanson & Cleveland 1201 Third Avenue, #3400 Seattle, WA 98101-3034 | 4/24/95 | $1,700.00 |
| Ryan, Swanson & Cleveland | Various dates prior to 4/24/95 for legal services related to liquidation of assets and distribution to creditors. | $12,133.49 |

## 10. Other transfers

None
[X]

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
[X]

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None
[X]

    List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
[X]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

## 16. Nature, location and name of business

None
[X]

a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

## 17. Books, records and financial statements

None
[ ]

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Anita Dudick | November, 1990 to Present |
| Chuck Hellam | 1986 to 1992 |
| Ron Schumacher<br>500 - 108th Ave NE  Suite 760<br>Bellevue, WA  98004 | December, 1992 to Present |

None
[ ]

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Employment Security Department<br>P.O. Box 9046<br>Olympia, WA  98507-9046 | October, 1993 |
| State of Washington Dept. of Revenue<br>P.O. Box 34052<br>Seattle, WA  98130-0064 | 1991 and 1994 |
| West One Bank<br>P.O. Box 4165<br>Bellevue, WA  98009 | March, 1993<br>September, 1993 |

None
[ ]

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| B. Joan Clancy | 16409 NE 50th Street<br>Redmond, WA  98052 |

**None**
**[ ]**

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **West One Bank**<br>**P.O. Box 4165**<br>**Bellevue, WA 98009** | **December, 1993** |

## 18. Inventories

**None**
**[X]**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**None**
**[X]**

b. List the name and address of the person having possession of the records of each of the two inventories reported in 18a., above.

## 19. Current Partners, Officers, Directors and Shareholders

**None**
**[X]**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

**None**
**[ ]**

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| **B. Joan Clancy**<br>**16409 N.E. 50th Street**<br>**Redmond, WA 98052** | **President** | **Sole Stockholder - 100%** |

## 20. Former partners, officers, directors and shareholders

**None**
**[X]**

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

**None**
**[X]**

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

## 21. Withdrawals from a partnership or distributions by a corporation

**None**
**[X]**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ____4/24/95____          Signature _____
                                     B. Joan Clancy
                                     President



# UNITED STATES BANKRUPTCY COURT
## Western District of Washington
## at Seattle

In re: United Millwork, Inc.
94-2750264

Case No. _____
Chapter **7**

## STATEMENT OF ATTORNEY FOR PETITIONER
## PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection with this case           $_____ **UNKNOWN** *

    (b) prior to filing this statement, debtor(s) have paid          $_____ **1,540.00**

    (c) the unpaid balance due and payable is          $_____ **UNKNOWN** *

(3) $_____ **160.00** of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

    (b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

    (c) Representation of the debtor(s) at the first meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

    **NONE**

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

    **NONE**

(7) The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

    **NONE**

Dated: __4/24/95__

_____
Attorney for Debtor(s)

*All fees and costs at regular hourly rates.

\* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.



# UNITED STATES BANKRUPTCY COURT

### Western District of Washington
### at Seattle

In re: United Millwork, Inc.
94-2750264

Case No. _____
Chapter  7

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 8 sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: 4/24/95

Signed: _____
United Millwork, Inc.

Signed: _____
Richard J. Hyatt
Bar no. 14048