*Upper* (handwritten)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

**FILED**
MAY 24  4 04 PM '95
H.L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY _____ DEP. CLK.

## AMENDMENT COVER SHEET

DEBTOR LAST NAME __United Millwork, Inc.__

CASE NUMBER __95-03443__  CHAPTER __7__

ATTORNEY FOR DEBTOR __Kevin A. Bay__  PHONE __(206) 464-4224__

### PLEASE CHECK WHAT IS BEING AMENDED

PLEASE CONSPICUOUSLY **HIGHLIGHT** AMENDED MATERIAL WHEN APPROPRIATE.
SUBMIT ORIGINAL AND 2 COPIES   (Chapter 11, submit original and 4 copies).

1. PETITION

2. MATRIX:        Adding            Deleting/correcting

   When submitting amended matrix, send matrix with **ONLY** the amended creditors.

(3.) SCHEDULES:     OLD FORMS                          NEW FORMS
                    A1, A2, A3 (Require $20 fee)       D, E, F (Requires $20 fee)

                    B1, B2, B3, B4 (No fee required)   A,(B),C, G, H, I, J, (No fee required)

                    No Fee required for Chapter 13 cases    No Fee required for Chapter 13 cases

4. CHAPTER 13 STATEMENTS

5. AMENDING AMOUNTS/TOTALS OF SCHEDULES

6. STATEMENT OF AFFAIRS

It is the responsibility of the debtor to notify additional creditors by sending a 341 notice and/or Discharge Order to the individuals or companies added to the schedules/matrix. A certificate of mailing in regard to this notification filed with the Clerk's office is appropriate. In addition, if the case is presently closed, the amendment will be returned unless a Motion and Proposed Order to Reopen, a filing fee, and the amendment fee, when required, accompanies the amendment.

**PLEASE INDICATE WHETHER THE FOLLOWING HAVE BEEN ACCOMPLISHED.**

Additional creditors notified by sending 341 notice and/or Discharge?  __N/A__
                                                                       Yes  No

U.S. Trustee's Office and Trustee in the case supplied copies:         __XX__
    (If extra copies supplied Clerk's Office, Clerk's Office           Yes  No
    will forward.)

WAW 218-IN
Rev 12/11/91

_____
Signature of Attorney for Debtor(s)
Kevin A. Bay / WSBA No. 19821

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington
### at Seattle

In re: United Millwork, Inc.
94-2750264

Case No. 95-03443
Chapter 7

## AMENDED SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | 0.00 | | |
| B - Personal Property | YES | 3 | 19,975.49 | | |
| C - Property Claimed As Exempt | NO | 0 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 11 | | 574,997.40 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | 0.00 |
| Total Number of sheets in ALL Schedules » | | 19 | | | |
| Total Assets » | | | 19,975.49 | | |
| Total Liabilities » | | | | 574,997.40 | |

**ORIGINAL**

AMENDED
# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | NONE | | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | NONE | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | NONE | | 0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | NONE | | 0.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | Main Street Ventures (Construction Lien) | | 9,507.66 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |

In re: United Millwork, Inc.  
94-2750264

Case No. 95-03443

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | $32,000 judgment against P.N.W. Investment, Inc. and Ken Hyashi (judgment appears to be uncollectible) | | 0.00 |
| | Balance due on judgement against Leslie Howards and Karen Howards | | 5,429.26 |
| | Default judgment against GMC Construction, Inc. (motion to vacate pending) | | 5,038.57 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | NONE | | 0.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

Schedule B - Page 2

In re: United Millwork, Inc.  
94-2750264

Case No. 95-03443

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|

TOTAL » 19,975.49

In re: United Millwork, Inc.　　　　　　　　　　　　　　　　　Case No. 95-03443
94-2750264　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

# Declaration Concerning Debtor's Schedules /Amended

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

**(NOT APPLICABLE)**

-----

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation ~~[or partnership]~~ named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 3 ~~19~~ sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  5/19/95　　　　　　　　　　　　　Signature _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　B. Joan Clancy
　　　　　　　　　　　　　　　　　　　　　　　　　　　　President

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C § 152 and 3571.